NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL GOMEZ-AGUILAR, AKA Saul Gomez Agular, <br><br>            Petitioner, <br><br>    v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>            Respondent. | No.    20-71350 <br><br> Agency No. A098-570-798 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Saul Gomez-Aguilar, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and denying his motion to remand or terminate. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review for abuse of discretion the denial of motions to remand and to terminate proceedings. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005); *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny in part and grant in part the petition for review, and remand.

The record does not compel the conclusion that Gomez-Aguilar established changed circumstances to excuse the untimely asylum application. *See Singh v. Holder*, 649 F.3d 1161, 1164-65 (9th Cir. 2011) (en banc) (court retained jurisdiction to review legal or constitutional questions related to the one-year filing deadline); 8 C.F.R. § 1208.4(a)(4) (changed circumstances defined). Thus, Gomez-Aguilar's asylum claim fails.

Substantial evidence supports the agency's determination that Gomez-Aguilar failed to establish he was or would be persecuted on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang

members bears no nexus to a protected ground"). Thus, Gomez-Aguilar's withholding of removal claim fails.

We do not consider Gomez-Aguilar's contention as to whether the Mexican government is unable or unwilling to protect him because the BIA did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). We also do not consider his imputed political opinion claim because the agency did not reach it, and Gomez-Aguilar does not contend the BIA erred in finding that this claim was not properly before it. *See id.*; *see also Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

Substantial evidence supports the agency's denial of CAT protection because Gomez-Aguilar failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Gomez-Aguilar's contention that the IJ lacked jurisdiction over his proceedings in his motion to terminate is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

As to the denial of his motion to remand, the agency did not have the benefit of the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), holding that a notice of hearing does not cure a statutorily deficient notice to appear to trigger the cancellation of removal stop-time provision. Thus, we grant the petition for review for the BIA to reconsider Gomez-Aguilar's motion to remand in light of *Niz-Chavez*. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party must bear its own costs on appeal.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.